Holly Sutherland, ISB No. 9521
**AVERY LAW**
3090 E. Gentry Way Ste. 150
Meridian, ID 83642
Telephone: (208) 639-9400
Email: holly@averylaw.net

*Counsel for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| In re: | Case No. 21-00744-NGH |
|---|---|
| Brenda Vega, | Chapter 7 |
| Debtors. | |

Notice of *Motion for Order to Compel Chapter 7 Trustee's Abandonment of Real Property Located at 3120 Hyde St., Caldwell, ID 83605* and Opportunity to Object and for a Hearing

No Objection. The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within [14] days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

Objection. Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.

Hearing on Objection. The objecting party shall also contact the Court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

Debtor Brenda Vega ("Debtor") hereby applies to the Court for an Order pursuant to pursuant to 11 U.S.C. section 554 compelling Patrick J. Geile, the duly appointed and acting Chapter 7 Trustee ("Trustee") in the above-referenced case to abandon the real property commonly known as 3120 Hyde Street, Caldwell, Idaho 83605, located in the County of

---
**NOTICE OF MOTION FOR ORDER TO COMPEL CHAPTER 7 TRUSTEE'S ABANDONMENT OF REAL PROPERTY LOCATED AT 3120 HYDE STREET, CALDWELL, ID 83605 - 1**

Canyon, and known more specifically as Lot 40 in Block 2 of Powell Estates Subdivision No. 2, according to the official plat thereof, filed in Book 31 of Plats at Page 21, official records of Canyon County, Idaho (the "Property").

## I.

## FACTUAL BACKGROUND

COME NOW Debtor, pursuant to section 554 of the Code, FRBP 6007 and LBR 6007-1, and state:

1. Debtor filed a Petition in this Court under Chapter 7 of the Bankruptcy Code on the 12/30/2021 (Docket No. 1).

2. Debtor's § 341 Meeting of Creditors was held on 01/27/2022. Debtor has fully cooperated with the trustee and provided all required documents.

3. Debtor co-owns the Property with her father, Baltazar Vega. The Property is valued on Schedule A as $359,000, which is subject to a $175,000 homestead exemption as noted on Schedule C, and a mortgage lien in the amount of $83,184.00, which is listed on Schedule D in favor of Pennymac Loan Services, LLC. Debtor holds a fifty percent (50%) interest in the home. The value of her 50% interest on the date of filing was $179,500.00.

4. On December 16, 2021, Debtor obtained a comparative market analysis (CMA) from realtor Hisashi Tatsumi of RE/MAX Executives. Per the comparative market analysis, the top listing price for Debtor's Property would be $359,000.00. Debtor received another CMA from Mr. Tatsumi dated February 23, 2022. Mr. Tatsumi believed the house could be listed between $366,000.00 and $372,000.00 if necessary repairs were done on the home. A copy of this CMA is attached to this motion as Exhibit A.

5. The Trustee has been provided all the relevant and requested documents that would allow him to make informed business decisions as to how to administer the assets of this Estate.

6. The Trustee has not administered any Estate property to date. Debtor believes the Trustee may administer tax refunds.

---

**NOTICE OF MOTION FOR ORDER TO COMPEL CHAPTER 7 TRUSTEE'S ABANDONMENT OF REAL PROPERTY LOCATED AT 3120 HYDE STREET, CALDWELL, ID 83605 - 2**

7. The subject Property, a single-family residence, is burdensome to the Estate and is of inconsequential value and benefit to the Estate.

8. The following analysis provides the factual basis for the determination that the asset is either burdensome or of inconsequential value to the estate. The financial analysis is based on the most recent CMA as that is the highest value the property could be sold for.

The Property

| | |
|---|---|
| Value: (As of February 23, 2022) | $ 372,000.00 |
| Less: | |
| 1st Lien, Pennymac Loan Servicing (Schedule D) | $ 83,184.00 |
| Cost of Sale at 8% | $ 29,760.00 |
| Co-Owner's 50% share | $ 131,028.00 |
| Homestead Exemption | $ 175,000.00 |
| Net Total | <$ 46,972.00> |
| Total Received by the Estate: | $0.00 |

II.

**APPLICABLE LEGAL STANDARDS & ANALYSIS**

9. Pursuant to § 704(a)(1), trustees are required to: Collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest. 11 U.S.C. §704(a)(1). A party in interest has the right to "file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate." FRBP 6007(b). After notice and a hearing, the court may "order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). The Property at issue in this motion provides a total net economic recovery to the estate of ZERO, since the lien, homestead, cost of sale, and co-owner's 50% interest in the Property exceed the value.

---

**NOTICE OF MOTION FOR ORDER TO COMPEL CHAPTER 7 TRUSTEE'S ABANDONMENT OF REAL PROPERTY LOCATED AT 3120 HYDE STREET, CALDWELL, ID 83605 - 3**

Accordingly, Property is of **inconsequential value and benefit to the estate**; therefore, the property should be abandoned.

10.   Courts have held that § 704(a)(1) allows a trustee "reasonable time" to close a bankruptcy estate, and an extraordinary delay in closing a bankruptcy estate or holding estate property should not be tolerated.  *Stanolind Oil & Gas Co. v. Logan,* 92 F.2d 28 (5th Cir. 1937); Alan N. Resnick, *Collier on Bankruptcy,* 16th Edition, ¶ 554.02[2], 554-5, (2010).  Although reasonable time is adaptable to the circumstances, the trustee must either "fish or cut bait" when a party in interest files a motion to compel abandonment.  *In re Ira Haupt & Co.,* 398 F.2d 607 (2d Cir. 1968).

11.   The trustee has not administered any Estate property to date, but Debtor presumes the Trustee will be administering the sole asset that is not fully exempt, which is the Debtor's 2021 tax refunds. Due to this asset, the Estate may not be fully administered and closed for several months. In the meantime, the Estate is liable for the Property, which is in need of repairs. Although Debtor has insurance, the Estate is not currently paying to insure this Property, and such defects of the Property could potentially bring injury to the Estate.

12.   A hearing on a motion to compel abandonment is not required if the motion is unopposed.  1993 Advisory Committee Note to Fed. R. Bankr. P. 6007.  If the motion is opposed, the party opposing the motion must show that denying the motion will likely provide a benefit to the estate. *In re Nelson,* 251 B.R. 857 (B.A.P. 8th Cir. 2000).  Mere speculation of how property may benefit the estate is not sufficient.  *Id.*

13.   The Debtor values the Property at $372,000 based on Debtors' knowledge of real estate values, Mr. Tatsumi's experience in the real estate field, and Debtor's personal knowledge about the condition of the subject Property.

14.   The Trustee has been provided all the relevant and requested documents that would allow him to make informed business decisions as to how to administer the assets of this Estate.

**15.** Based on the total recovery the asset listed above will garner (ZERO), the denial of this motion will not likely provide a benefit to the estate. *See. In re Nelson,* 251 B.R. 857 (B.A.P. 8th Cir. 2000).

**WHEREFORE**, Debtor respectfully prays for relief as follows:

1. Grant this Motion Compelling the Abandonment of this property from the Estate;

2. To the extent that the value of the assets in this case exceed the exemption amounts, the value is burdensome or of inconsequential value to the estate; and

3. For such other and further relief as is just and equitable under FRBP 54(c).

DATE:  February 25, 2022

AVERY LAW OFFICE

/s/ Holly Sutherland_____
Holly Sutherland, Counsel for Debtor
